J-A16021-14

2014 PA Super 164

| | |
|---|---|
| PENNSYLVANIA SERVICES CORPORATION, TRADING AS EMERALD COAL RESOURCES, LP, AND PENNSYLVANIA LAND HOLDINGS COMPANY, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TEXAS EASTERN TRANSMISSION, LP | |
| Appellant | No. 1429 WDA 2013 |

Appeal from the Order August 9, 2013
In the Court of Common Pleas of Greene County
Civil Division at No(s): AD 663 of 2011

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

CONCURRING STATEMENT BY OTT, J.: **FILED JULY 29, 2014**

In the instant case, I agree with the majority that the trial court's order granting Emerald's motion for partial summary judgment, and denying Texas Eastern's motion for partial summary judgment, is immediately appealable as a final order pursuant to 42 Pa.C.S § 7532.[1]  In this regard, I

---

[1] Section 7532 of the Pennsylvania Declaratory Judgments Act, entitled "General scope of declaratory remedy," provides:

> **Courts of record, within their respective jurisdictions, shall have power to** declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

find persuasive Texas Eastern's argument in opposition to Emerald's motion to quash.[2] Nonetheless, I am compelled to note that the cogent arguments of the parties highlight the tension between the Pennsylvania Supreme Court's decisions in *Nationwide Insurance Company v. Wickett*, 763 A.2d 813 (Pa. 2000), and *Pennsylvania Bankers Ass'n v. Pennsylvania Dept. of Banking*, 948 A.2d 790 (Pa. 2008).

As discussed by the majority, Emerald filed a five-count complaint against Texas Eastern, seeking declaratory relief, specifically, a declaration recognizing its superior property rights, and interference of those rights by Texas Eastern's inaction. In addition, Emerald's complaint sought injunctive relief, and asserted claims of violation of easement/real covenant, trespass and private nuisance. Texas Eastern filed an answer with new matter and counterclaims for declaratory and injunctive relief, breach of contract, trespass, negligence and unjust enrichment. Following the close of discovery, both parties filed motions for partial summary judgment seeking declaratory relief, and the court, after a hearing, issued the order underlying this appeal. The court's order stated, in part, "Emerald has the right to extract all of the coal in the D District, without leaving any coal to support

_____

42 Pa.C.S. § 7532.

[2] On September 23, 2013, Emerald filed a motion to quash. This Court, *per curiam*, denied the motion to quash without prejudice to raise the issue before this panel. *See* Order, 11/13/2013. Emerald renewed its contention that the order at issue is interlocutory in its brief. Emerald's Brief at 3–10.

[Texas Eastern's] pipelines," and "[Texas Eastern] has an obligation to plan for, implement and pay for appropriate and timely measures to mitigate potential subsidence damage to the pipeline so as not to interfere with Emerald's right to mine." Order, 8/9/2013, ¶¶1–2.

Texas Eastern maintains that the order at issue is appealable pursuant to Pennsylvania Rule of Appellate Procedure 341(b)(2),[3] Section 7532 of the Declaratory Judgments Act, and **Wickett, supra**. In **Wickett**, the Pennsylvania Supreme Court held that, pursuant to Section 7532, "an order in a declaratory judgment action that either affirmatively or negatively declares the rights and duties of the parties constitutes a final order." **Id.**, 763 A.2d at 818. Emerald, in support of its motion to quash, contends that the Pennsylvania Supreme Court has clarified its holding in **Wickett**, and found it inapplicable to cases such as this one.

Emerald relies on **Pennsylvania Bankers**, **supra**,[4] wherein the Supreme Court held that **Wickett** did not apply to a Commonwealth Court order that "did not have the effect of declaring the parties' rights within the

---

[3] Rule 341 provides, in relevant part: "A final order is any order that … is expressly defined as a final order by statute." Pa.R.A.P. 341(b)(2).

[4] In **Pennsylvania Bankers,** the Pennsylvania Supreme Court held that a Commonwealth Court order sustaining credit unions' preliminary objections in the nature of demurrers with respect to some, but not all, of the banks' alternative declaratory judgment claims, challenging the constitutionality of tax exemption provided to credit unions under the Credit Union Code, did not represent an affirmative or negative declaration of parties' rights within the meaning of the Declaratory Judgments Act and thus was not a final, appealable order. **See id.**, 948 A.2d at 793–794.

- 3 -

meaning of § 7532, but merely narrowed the scope of the [appellants'] broader declaratory judgment action." **Pennsylvania Bankers**, 948 A.2d at 798. Emerald asserts that the Supreme Court's holding "was 'rooted in th[e] Court's well-documented efforts of avoiding piecemeal litigation[,]'" and that "the Supreme Court distinguished **Wickett**, noting that the trial court's order in **Wickett** 'put certain defendants out of court by dismissing all of the plaintiff's claims against them,' and in so doing 'prevented the plaintiffs from obtaining any relief against those parties.'" **See** Emerald's Brief at 8–9, *citing* **Pennsylvania Bankers**, 948 A.2d at 798–799.

Moreover, Emerald asserts that the Supreme Court further clarified **Wickett** in **United States Orgs. for Bankruptcy Alternatives, Inc. v. Dept. of Banking**, 26 A.3d 474 (Pa. 2011),[5] wherein it stated "an order in a declaratory judgment action, which merely dismisses one or several alternative theories for relief without ultimately deciding the case, is not appealable under Rule 341." **Id.** at 478, *citing* **Pennsylvania Bankers**, **supra**, 948 A.2d at 798. **See** Emerald's Brief at 4–5, 9. Emerald states that in **Bankruptcy Alternatives**, although the trial court's decision was in the form of a declaratory judgment, the Supreme Court held the order was

---

[5] In **Bankruptcy Alternatives**, the Pennsylvania Supreme Court held that a Commonwealth Court order granting in part and denying in part debt settlement services providers' request for declaratory judgment regarding constitutionality of the Debt Management Services Act ("Act"), and finding that certain provisions of the statute were unconstitutional, was not a final appealable order as the constitutionality of multiple provisions of the Act remained in dispute. **See id.**, 26 A.3d at 480.

not immediately appealable under the Declaratory Judgments Act. *See* Emerald's Brief at 9.

Texas Eastern counters that, in ***Pennsylvania Bankers, supra***, the Supreme Court "determined that the rule of ***Wickett*** is inapplicable to an order that 'merely narrow[s] the scope' of the *declaratory judgment* claims in an action." Texas Eastern's Reply Brief at 4 (emphasis in original), *citing* ***Pennsylvania Bankers***, 948 A.2d at 798 (lower court's order "merely narrowed the scope of the Banks' broader declaratory judgment action, which raised several alternative theories of relief"). Texas Eastern similarly distinguishes ***Bankruptcy Alternatives***, and argues against "Emerald's suggestion that … the [Supreme Court] used 'alternative theories' to mean theories that are asserted in support of requests for types of relief *other* than a declaratory judgment[.]" Texas Eastern's Reply Brief at 5 (emphasis in original). Texas Eastern emphasizes that, in the present case, the trial court's order "fully resolved the parties' competing requests for a declaratory judgment concerning the subjacent support for the [p]ipelines," and "[n]o theory that either party pled in support of any declaratory judgment claim, nor any individual component of any declaratory judgment claim, remains pending before the [trial court]." ***Id.*** at 6.

Reviewing the arguments of the parties in light of the record, I agree with Texas Eastern that ***Wickett*** is controlling because the court's order in this case fully resolved the parties' competing declaratory judgment claims, and the claims that remain pending are non-declaratory judgment claims.

As discussed by the majority, this case arose from the parties' stalemate over the Department's precondition for approval of Emerald's mining, namely, that Emerald reach an agreement with Texas Eastern regarding performance of mitigation measures for the pipelines. The overarching issue in this case — which party owns and controls the right to subjacent support — was raised in the requests for declaratory judgment relief set forth in Emerald's complaint and Texas Eastern's answer with new matter and counterclaims, and presented to the court in the cross motions for partial summary judgment. The court's order did not merely narrow the scope of the declaratory judgment claims, but rather settled the parties' dispute.

In this respect, the present case is distinguishable from ***Pennsylvania Bankers*** and ***Bankruptcy Alternatives,*** which followed ***Pennsylvania Bankers***, explaining:

> We note that the distinction between ***Pennsylvania Bankers*** and the present case identified by the [appellant] derives not from the application of ***Wickett*** in the post-***Pennsylvania Bankers*** legal regime, but from the nature of the original challenge, *i.e.*, a challenge to a single provision versus multiple provisions. In other words, in ***Pennsylvania Bankers***, the banks challenged the constitutionality of a single provision and, if the lower court had decided the constitutional issue and "granted or denied" relief, the order would have decided rather than merely narrowed the dispute between the parties. Here, however, the constitutionality of multiple provisions remains in dispute and, even though the Commonwealth Court granted USOBA [United States Organization for Bankruptcy Alternatives, Inc.] relief as to two provisions, ***the dispute has not been resolved but merely narrowed***. Therefore, the ***Pennsylvania Bankers*** decision is relevant and dispositive.

***Bankruptcy Alternatives, supra***, 26 A.3d at 480 (emphasis supplied).

- 6 -

Finally, I note that in **Pennsylvania Bankers**, the Supreme Court expressly declined to overrule **Wickett** "at this juncture." **Pennsylvania Bankers, supra**, 948 A.2d at 799 n.15.

In sum, I conclude that **Wickett** applies here, and not the Supreme Court's decisions in **Pennsylvania Bankers** and **Bankruptcy Alternatives**. Therefore, I join the Majority's decision to deny Emerald's Motion to Quash and further join the Majority's decision to affirm the order of the trial court.