# IN THE SUPREME COURT OF PENNSYLVANIA
# MIDDLE DISTRICT

PENNSYLVANIA MANUFACTURERS'
ASSOCIATION INSURANCE COMPANY,

       Appellant

       v.

JOHNSON MATTHEY, INC. AND
PENNSYLVANIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,

       Appellees

:  No. 24 MAP 2017
:
:  Appeal from the Order of the
:  Commonwealth Court at No. 330 MD
:  2015 dated April 21, 2017.

## ORDER

**PER CURIAM**                               **DECIDED: July 18, 2018**

The Court orders as follows:

Appellant Pennsylvania Manufacturers' Association Insurance Company ("Insurer") is attempting to appeal a Commonwealth Court order that denied Insurer's motion for summary relief. For the reasons that follow, we conclude that the order is interlocutory and unappealable at this time. Consequently, we quash the appeal.

By way of background, Insurer filed a petition for review in the Commonwealth Court's original jurisdiction, naming as respondents Appellees Johnson Matthey, Inc. ("JMI") and the Pennsylvania Department of Environmental Protection ("DEP"). In its petition, Insurer brought a claim pursuant to the Declaratory Judgments Act ("DJA"), 42 Pa.C.S. §§ 7531-7541. Specifically, Insurer requested that the court enter an order declaring that Insurer has no obligation to defend or indemnify JMI in connection with a lawsuit filed by the DEP against JMI in the United States District Court for the Eastern

District of Pennsylvania.[1] In the underlying action, the DEP is seeking costs for the remediation of environmental damage caused at a site where JMI and its predecessors manufactured metal alloy tubing.

In response to Insurer's petition, JMI filed, *inter alia*, a counterclaim seeking a declaration that Insurer has a duty to pay all defense and indemnity costs related to the site, subject to the liability limits of the unexhausted policies, and that all remedial investigation costs incurred by JMI were properly payable under the policies as defense costs. JMI also advanced a breach of contract claim.[2]

Insurer filed a motion for summary relief, which it styled as a motion for summary judgment.[3] In moving for summary relief, Insurer argued that it was entitled to the declaratory relief it sought in its petition for review. The Commonwealth Court issued an order denying the motion and offered a published opinion in support of its order. *Pennsylvania Manufacturers' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 160 A.3d 285 (Pa. Cmwlth. 2017). In its opinion, the court stated, in relevant part, that Insurer "is not entitled to a declaratory judgment that it has no duty to defend or indemnify JMI." *Id.* at 294. Notably, in disposing of Insurer's motion for summary relief, the Commonwealth Court did

---

[1] *Commonwealth of Pennsylvania Department of Environmental Protection v. Whittaker Corporation and Johnson Matthey, Inc.*, Civil Action No. 08-6010. We will refer to this lawsuit as "the underlying action."

[2] While Insurer and JMI brought claims against the DEP in the Commonwealth Court, neither party sought relief against the DEP. Rather, the parties joined the DEP as a party to comply with this Court's decision in *Vale Chemical Co. v. Hartford Accident & Indemnity Co.*, 516 A.2d 684 (Pa. 1986).

[3] In response to Insurer's motion for summary relief, JMI highlighted that the discovery process was ongoing. Insurer later filed an application to stay discovery. In an order filed May 16, 2016, the Commonwealth Court granted in part Insurer's application. While the court allowed discovery to proceed with respect to some of JMI's first set of interrogatories and document requests, the court stayed the balance of discovery pending its disposition of Insurer's motion for summary relief. Order, 3/16/2016.

not address JMI's counterclaims, including its declaratory judgment claim related to the scope of Insurer's duty to defend and indemnify JMI in the underlying action.

Insurer timely filed a notice of appeal and a jurisdictional statement. This Court subsequently issued an order directing the parties to address whether this Court has jurisdiction over the appeal and deferring a determination concerning jurisdiction to consideration of the parties' briefs. The parties have complied with this directive. Accordingly, the matter is ripe for disposition.

Whether this Court has jurisdiction to entertain this appeal presents a threshold issue. *Burger v. School Bd. of McGuffey School Dist.*, 923 A.2d 1155, 1161 (Pa. 2007). Such an issue raises a question of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary. *See Com., Dep't of Envtl. Prot. v. Cromwell Twp., Huntingdon Cty.*, 32 A.3d 639, 646 (Pa. 2011) ("The question whether a court has jurisdiction is *de novo*, and the scope of review is plenary.").

Generally speaking, appellate courts have jurisdiction to entertain appeals from final orders entered at the trial court level. *Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013). Ordinarily, a final order disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1). However, Pa.R.A.P. 311(a)(8) states that an "appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Importantly, Section 7532 of the DJA provides that courts of record have the power to declare the rights, status, and other legal relations and that "such declarations shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532.

In *Northwide Mutual Insurance Co. v. Wickett*, 763 A.2d 813 (Pa. 2000), a trial court order declared the rights of the plaintiffs relative to some, but not all, of the

defendants. Although the order did not dispose of all claims and of all parties, this Court nonetheless held that the order was final and appealable pursuant to Pa.R.A.P. 341(b)(2) (rescinded), which was the predecessor to Pa.R.A.P. 311(a)(8),[4] and Section 7532 of the DJA.

Regarding this Court's jurisdiction over this appeal, the crux of Insurer's argument is that *Wickett* dictates that the Court has jurisdiction to entertain the merits of its claim that the Commonwealth Court erred by denying its motion for summary relief.[5] JMI, on the other hand, contends that this Court's more recent decisions addressing the appealability of an order declaring the rights of parties suggest that the Commonwealth Court's order is interlocutory and unappealable because the order only partially declared the rights of the parties. We agree with JMI.

This Court last expounded upon the appealability of an order declaring the rights of parties in *United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking* ("*USOBA*"), 26 A.3d 474 (Pa. 2011). In that decision, the Court provided a rather straightforward two-part test for appellate courts to apply when considering whether

---

[4] Effective April 1, 2016, Rule 311(a)(8) replaced Rule 341(b)(2). However, the rules are functionally equivalent in that they both explain that an order is final if it is defined as final by statute.

[5] In the alternative, Insurer contends that the Court can grant allowance of appeal in this matter pursuant to Pa.R.A.P. 1114. Insurer's Brief at 20-26. Insurer's argument is misplaced. The Rules of Appellate Procedure make clear that, where (such as here) the Commonwealth Court enters an order in a matter commenced in its original jurisdiction, Rule 1114 is inapplicable; rather, an appeal from that order should be addressed to this Court. *See* Pa.R.A.P. 1101(a)(1) ("This rule applies to any appeal to the Supreme Court from an order of the Commonwealth Court entered in . . . [a]ny matter which was originally commenced in the Commonwealth Court and which does not constitute an appeal to the Commonwealth Court from another court, a magisterial district judge or another government unit."); Pa.R.A.P. 1114(a) ("Except as prescribed in Pa.R.A.P. 1101 (appeals as of right from the Commonwealth Court), review of a final order of the Superior Court or the Commonwealth Court is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor.").

an order declaring the rights of parties is final and appealable: (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case. *USOBA*, 26 A.3d at 479 ("The prevailing considerations in [*Pennsylvania Bankers Ass'n v. Pennsylvania Dep't of Banking* ("*Pennsylvania Bankers*"), 948 A.2d 790 (Pa. 2008),] were the effect of the lower court's decision on the scope of the litigation and the practical effect on the ultimate decision in the case."). If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable. *See id.* at 480 ("Here, however, the constitutionality of multiple provisions remains in dispute and, even though the Commonwealth Court granted USOBA relief as to two provisions, the dispute has not been resolved but merely narrowed. Therefore, the *Pennsylvania Bankers* decision is relevant and dispositive.").

In this matter, the Commonwealth Court has entered an order that effectively denied Insurer's claim for declaratory relief. However, JMI's related, but broader, counterclaim for declaratory relief finally resolving Insurer's obligations to defend and indemnify JMI remains pending in the Commonwealth Court. Consequently, the court's order does not resolve the parties' competing claims for declaratory relief; rather, it merely narrows the dispute. Thus, consistent with *Pennsylvania Bankers* and *USOBA*, the order is not appealable at this time. This outcome comports with this Court's long-standing and well-founded policy against piecemeal litigation. *Pennsylvania Bankers*, 948 A.2d at 798-99. For these reasons, we quash this appeal.

Chief Justice Saylor files a dissenting statement in which Justice Todd joins.