IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arcadia at Newtown Holdings, LP :
:
v. : No. 469 C.D. 2019
: Submitted: February 8, 2021
Township of Newtown, :
Appellant :

BEFORE:   HONORABLE P. KEVIN BROBSON, President Judge
          HONORABLE MARY HANNAH LEAVITT, Judge (P)
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: April 6, 2021

The Township of Newtown (Township) appeals a March 18, 2019, order of the Court of Common Pleas of Bucks County (trial court) that denied the post-trial motion of Arcadia at Newtown Holdings, LP (Developer). On February 14, 2019, the trial court entered an order that granted, in part, Developer's request for a declaratory judgment that the Township lacked authority under the Pennsylvania Municipalities Planning Code (MPC)[1] to require Developer to reimburse the Township for the consulting fees the Township incurred in its review of Developer's planned residential development application. Because the trial court's March 18, 2019, order did not dispose of the Township's counterclaim, it was not an appealable final order. Accordingly, we quash the Township's appeal as interlocutory.

## Background

Developer owns five parcels of land located in the R-2 High Density Residential Zoning District of the Township. On August 17, 2017, Developer filed

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10101-11202.

an application for a planned residential development plan (Plan) with the Township. The application included, *inter alia*, a filing fee of $8,750; a deposit of $19,375 into an escrow account to cover the Township's costs to review Developer's Plan; and a professional services agreement between the Township and Developer. By letter dated August 31, 2017, the Township confirmed its acceptance of the application.

The Township hired professional consultants to review the Plan. These consultants included Gilmore Associates for traffic engineering; Boucher & James, Inc., for land planning; and CKS Engineers, which serves as the Township's engineer. The Township paid the invoices of its consultants by drawing on the escrow account. It also imposed a 12% surcharge to administer the escrow account. The Township also drew on the escrow account to pay the Township's solicitor. On October 13, 2017, the Township asked Developer to deposit an additional $19,375 into the escrow account, which Developer refused to do. It objected to using the escrow account to pay the Township's solicitor and engineer. Developer also asserted that the invoices were unreasonably high.

On January 18, 2018, the Township invoiced Developer $39,866.27. The Township asserted that, in total, it had incurred $59,241.27 in professional service fees to review the Plan. This total included the $19,375 Developer had deposited in the escrow account.

On February 1, 2018, Developer initiated a declaratory judgment action seeking a determination that the Township's invoices for professional services were unlawful under Sections 708 and 908(1.1) of the MPC and that the invoice for $39,866.27 should be voided. Complaint, 8-9; Reproduced Record at 10-11 (R.R. ____). Developer sought a refund of $17,132 from the $19,375 it had deposited in the escrow account.

2

The Township filed an answer, new matter, and counterclaim. The Township asserted that the fees were proper under the MPC and, in the alternative, that the professional services agreement signed by Developer entitled the Township to reimbursement of "all Township-incurred Consultants' fees." Township Counterclaim at 7; R.R. 94. The Township's counterclaim demanded judgment "against [Developer] in the amount of $39,866.27" plus costs. Township Counterclaim at 8; R.R. 95.

The parties stipulated to the facts stated above. Following oral argument, the trial court ruled on the matter.

By decision and order of February 14, 2019, the trial court ruled that the Township lacked authority under the MPC to require Developer to reimburse the Township for the professional service fees it incurred to review Developer's Plan. However, the trial court found that the professional services agreement entitled the Township to reimbursement of those fees. The trial court further determined that the Township's review of the Plan was subject to the same terms that apply to an application for subdivision or land development review under the Township's Subdivision and Land Development Ordinance (SALDO),[2] which authorizes reimbursement of a municipality's costs to review a land development plan. Noting that the parties were "currently before a Special Master regarding the appropriateness and reasonableness of the individual line item charges [Township] billed against the escrow," the trial court concluded that the reasonableness of the Township's invoices was "more appropriately left to the Special Master for fact-specific inquiries[.]" Trial Court op. (2/14/2019) at 16.

---

[2] THE NEWTOWN TOWNSHIP SUBDIVISION AND LAND DEVELOPMENT ORDINANCE OF 1985, *as amended*, §§22-101—22-1311.

Developer filed a post-trial motion arguing, *inter alia*, that contrary to the trial court's statement, the parties were not before a referee or special master on the reasonableness of the invoices. Developer challenged the merits of the trial court's February 14, 2019, decision on three grounds: (1) there was no proceeding before a special master or referee on the reasonableness of the Township's invoices; (2) the professional services contract was a contract of adhesion that was null and void as a matter of public policy; and (3) the court had overlooked a provision in the MPC that defined "professional consultants." The Township filed an answer to Developer's post-trial motion, joining in Developer's "request that the [trial court] reconsider its Decision and Order and revise its Decision and Order to the extent deemed necessary in light of the fact that no special master has been appointed." Township Answer at 2, ¶9; R.R. 300. The Township did not file a post-trial motion to challenge the trial court's holding that the MPC did not authorize the Township's demand for reimbursement of the fees it incurred to review Developer's Plan.

On March 18, 2019, the trial court issued a "supplemental memorandum order" recognizing that a special master had not been appointed and, therefore, appointed one. The order further stated that the trial court's "Decision and Order of February 14, 2019 remains otherwise in force. All other relief requested by [Developer] is denied." Trial Court Order (3/18/2019) at 4. The trial court did not enter a judgment.

**Appeal**

Both parties appealed to this Court. On May 30, 2019, this Court issued an order stating, in pertinent part, as follows:

> [I]t appears that the March [18], 2019 order does not dispose of all claims. Accordingly, the parties shall address the appealability of the March [18], 2019 order in their principal briefs on the merits.

4

It further appears that the Township did not file post-trial motions within 10 days of the trial court's February [14], 2019 order. The parties shall also address in their principal briefs whether the Township preserved any issues for appellate review.

Finally, it further appears that judgment was not entered on the docket below. Entry of judgment is a prerequisite to an appealable order. The parties shall address in their principal briefs on the merits whether entry of judgment is appropriate in light of the trial court's March [18], 2019 order referring the matter to a referee for a determination of professional service fees due the Township.

Order, 5/30/2019, at 1-2 (Ceisler, J.) (quotations omitted).

On August 1, 2019, Developer filed an application to discontinue its appeal without prejudice, which this Court granted on August 6, 2019. The Township did not discontinue its appeal of the trial court's order of March 18, 2019. The parties have briefed the question of whether the order is appealable as well as the merits of the Township's appeal.

The Township argues that the trial court's order is a "final order" under Pennsylvania Rule of Appellate Procedure 341 because only the factual determination on the reasonableness of the fees has yet to be determined. Developer counters that the trial court's order was not "final" because it did not dispose of all claims. Indeed, the order directed the special master to submit a written report with findings and recommendations to the trial court. Trial Court Order (3/18/2019) at 4. Developer further argues that the trial court's order does not fall into the category of interlocutory orders that are appealable as of right or by permission under Pennsylvania Rules of Appellate Procedure 311 and 312. Nor does it constitute a collateral order from which an appeal may be taken as of right under Pennsylvania Rule of Appellate Procedure 313.

5

**Analysis**

Pennsylvania Rule of Appellate Procedure 341(a) states that "an appeal may be taken as of right from any final order of a government unit or trial court." PA. R.A.P. 341(a). A final order is one that "disposes of all claims and of all parties" or "is entered as a final order" by a trial court pursuant to Rule 341(c). PA. R.A.P. 341(b). "The purpose of limiting appellate review to a final order is to prevent piecemeal determination and the consequent protraction of litigation." *In re First Baptist Church of Spring Mill*, 22 A.3d 1091, 1095 (Pa. Cmwlth. 2011) (quotations omitted). Rule 341(c) states in pertinent part as follows:

> (c) Determination of finality**.**--When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, *the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered.* In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

PA. R.A.P. 341(c) (emphasis added).

The trial court's order of March 18, 2019, appointed a referee to determine the reasonableness of all charges due the Township for its review of Developer's Plan. Because this order does not dispose of all claims, it is interlocutory. Further, the trial court did not enter the order with the "express determination that an immediate appeal would facilitate resolution of the entire case." PA. R.A.P. 341(a).

In some circumstances an interlocutory order can be appealed. Pennsylvania Rule of Appellate Procedure 311(a)(8) states that "[a]n appeal may be

6

taken as of right and without reference to PA. R.A.P. 341(c) from … [a]n order that is *made final or appealable by statute* or general rule, even though the order does not dispose of all claims and of all parties." PA. R.A.P. 311(a)(8) (emphasis added). Notably, Section 7532 of the Declaratory Judgments Act[3] provides that courts of record have the power "to declare rights, status, and other legal relations" and that "such declarations shall have the force and effect of a final judgment or decree." 42 Pa. C.S. §7532.

In *Pennsylvania Bankers Association v. Pennsylvania Department of Banking*, 948 A.2d 790 (Pa. 2008) (*Pennsylvania Bankers*), the Supreme Court held that an order entered under the Declaratory Judgments Act is appealable only if its effect on the ultimate outcome of the litigation is certain. In *Pennsylvania Bankers*, several banks filed a petition for review in this Court's original jurisdiction to challenge the tax treatment of credit unions under the Pennsylvania Credit Union Code, 17 Pa. C.S. §§101–1504. The banks asserted different theories for declaratory relief, including several constitutional claims. This Court sustained the credit unions' preliminary objections in the nature of a demurrer with respect to some, but not all, of the banks' constitutional claims. The Supreme Court held that this Court's order was not an appealable final order under Section 7532 of the Declaratory Judgments Act and quashed the banks' appeal as interlocutory.

---

[3] Section 7532 of the Declaratory Judgments Act states:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa. C.S. §7532.

In reaching this conclusion, the Court distinguished the case from *Nationwide Mutual Insurance Company v. Wickett*, 763 A.2d 813 (Pa. 2000),[4] as follows:

> The [b]anks ... argue that the Commonwealth Court's order constitutes a final, appealable order pursuant to *Wickett.* We find *Wickett* distinguishable, however, for the following reasons. *In Wickett, the trial court's order put certain defendants out of court by dismissing all of the plaintiff's claims against them. In so doing, the order prevented the plaintiffs from obtaining any relief against these parties.* It would therefore be appropriate in this context to characterize the trial court's order as a final order under 42 Pa. C.S. §7532 because it, in essence, declared that the plaintiffs did not have any viable theory of recovery against such defendants.

*Pennsylvania Bankers*, 948 A.2d at 799 (emphasis added). By contrast, the order in question was not appealable because:

> *The [b]anks… might still be able to obtain the relief they are seeking—i.e.* a declaration that §517 of the Credit Union Code is unconstitutional—based on one of their alternative theories pending before the Commonwealth Court, *the order dismissing their challenge under §§2 and 5 had no practical effect upon the ultimate decision in this case. Indeed, at this juncture, we still have no idea if the Commonwealth Court will ultimately enter judgment for or against the [b]anks.* As a result, the Commonwealth Court's order did not have the effect of declaring the parties' rights within the meaning of §7532, but merely narrowed the scope of the [b]anks' broader declaratory judgment action, which raised several alternative theories of relief.

---

[4] *Wickett*, 763 A.2d 813, addressed whether a trial court's order sustaining various defendants' preliminary objections in the nature of demurrers was an appealable final order. In doing so, the trial court order declared the rights of the plaintiffs relative to some, but not all, of the defendants. Although the order did not dispose of all claims and of all parties, the Supreme Court nevertheless held that the order was final and appealable pursuant to PA. R.A.P. 341(b)(2) (rescinded), which was the predecessor to PA. R.A.P. 311(a)(8), and Section 7532 of the Declaratory Judgments Act.

*Id.* at 798 (emphasis added).

In *Pennsylvania Manufacturers' Association Insurance Company v. Johnson Matthey*, 188 A.3d 396 (Pa. 2018), the Supreme Court reaffirmed a two-part test articulated in *United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking*, 26 A.3d 474 (Pa. 2011), for determining whether an order issued under the Declaratory Judgments Act is final and appealable. First, the court considers the effect of the trial court's decision on the scope of the litigation. Second, the court considers the practical effect of the lower court's decision on the ultimate outcome of the case. *Johnson Matthey*, 188 A.3d at 399. "If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable." *Id*. at 400 (quotations omitted).

In *Johnson Matthey*, an insurance company filed a petition for review in this Court's original jurisdiction seeking a declaration that it owed no duty to defend or indemnify the insured in a lawsuit filed by the Department of Environmental Protection against the insured in federal court. The insured filed a counterclaim for breach of contract and for a declaration that the insurer had a duty to pay all defense and indemnity costs. This Court denied the insurer's motion for summary relief without addressing the insured's counterclaims. The Supreme Court quashed the insurer's appeal as interlocutory. The Supreme Court reasoned that although the order denied the insurer's claim for declaratory relief, the insured's

> related, but broader, counterclaim for declaratory relief finally resolving [the insurer's] obligations to defend and indemnify [the insured] remains pending in the Commonwealth Court. Consequently, the court's order does not resolve the parties' competing claims for declaratory relief; rather, it merely narrows the dispute.

9

*Johnson Matthey*, 188 A.3d at 400.

Applying *Pennsylvania Bankers* and *Johnson Matthey*, we conclude that the trial court's March 18, 2019, order is not appealable under Pennsylvania Rule of Appellate Procedure 311(a)(8). By declaring that the Township lacked authority under the MPC to impose its professional service expenses upon Developer, the trial court partially granted Developer's claim for declaratory relief. On the Township's counterclaim, the trial court concluded that under its professional services agreement with the Township, Developer owes *reasonable* professional service fees to the Township for its review of the Plan. Unlike *Wickett*, 763 A.2d 813, the trial court's order did not put the Township "out of court." The Township may still be able to obtain the relief it seeks once the special master concludes its review and submits a written report. In other words, "at this juncture, we still have no idea if the [trial court] will ultimately enter judgment for or against" the Township. *Pennsylvania Bankers*, 948 A.2d at 799. The trial court's March 18, 2019, order narrowed the issues in litigation but did not satisfy the criteria for finality established in *Pennsylvania Bankers*.

## Conclusion

For the foregoing reasons, we quash the Township's appeal as interlocutory.[5]

_____
MARY HANNAH LEAVITT, President Judge Emerita

_____

[5] Notably, the Township did not file a post-trial motion in response to the trial court's February 14, 2019, order. This Court has explained that "a litigant is required to file a post-trial motion following the entry of a decision/decree in a declaratory [judgment] action regardless of whether the case is decided on stipulated facts, after a bench trial, or some combination of both." *Gibraltar Rock, Inc. v. New Hanover Township*, 118 A.3d 461, 464 (Pa. Cmwlth. 2015) (citing *Motorists Mutual Insurance Company v. Pinkerton*, 830 A.2d 958 (Pa. 2003)).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arcadia at Newtown Holdings, LP　　　:
　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　:　No. 469 C.D. 2019
　　　　　　　　　　　　　　　　　:
Township of Newtown,　　　　　　 :
　　　　　　　Appellant　　　　　 :

# **O R D E R**

AND NOW, this 6th day of April, 2021, the Township of Newtown's appeal of the order of the Court of Common Pleas of Bucks County, dated March 18, 2019, in the above-captioned matter, is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge Emerita