IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elwyn of Pennsylvania and :
Delaware d/b/a Elwyn and :
Rocky Run Development, LLC, :
                 Appellants :
                :
            v. :
                :
Edgmont Township and : No. 797 C.D. 2024
Middletown Township : Submitted: May 6, 2025


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED:  June 4, 2025


       Elwyn of Pennsylvania and Delaware d/b/a Elwyn and Rocky Run Development, LLC (collectively, Appellants) appeal from the Delaware County Common Pleas Court's (trial court) May 30, 2024 order (entered June 5, 2024) denying Appellants' Motion for Summary Judgment.  The sole issue before this Court is whether the trial court's May 30, 2024 order is an appealable order.  After review, this Court quashes Appellants' appeal.

       Appellants hold legal and equitable title to a large tract of land (Property) located in Middletown and Edgmont Townships (collectively, Townships) and seek to develop the Property for residential use.  However, portions of the Property are subject to zoning ordinances in each Township that do not currently permit Appellants' desired development plan.  Accordingly, in 2019, Appellants began discussions with the Townships and requested that the Townships

amend their zoning ordinances to permit their proposed Property development. Appellants offered a Text Amendment to the zoning ordinances they claimed would facilitate the project's approval as depicted on their development plan. In the years that followed, discussions continued between the parties, and Appellants submitted and resubmitted various applications and documents for the Townships' consideration.

On July 6, 2023, Appellants filed a Complaint against the Townships in the trial court. Therein, Appellants sought a declaratory judgment determining that the applications they filed with the Townships were deemed approved under Section 709(a) of the Pennsylvania Municipalities Planning Code (MPC),[1] because neither Township issued, within the required time, a written official communication granting approval, granting approval subject to specified conditions, or denying the applications.

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10709(a). Section 709(a) of the MPC provides:

> The governing body, or the planning agency, within 60 days following the conclusion of the public hearing provided for in this article or within 180 days after the date of filing of the application, whichever occurs first, shall, by official written communication, to the landowner, either:
>
> (1) grant tentative approval of the development plan as submitted;
>
> (2) grant tentative approval subject to specified conditions not included in the development plan as submitted; or
>
> (3) deny tentative approval to the development plan.
>
> Failure to so act within said period shall be deemed to be a grant of tentative approval of the development plan as submitted.

*Id.*

On January 31, 2024, Appellants filed the Motion for Summary Judgment, alleging therein that they were entitled to judgment in their favor as a matter of law because they submitted completed applications for tentative approval of their planned residential development plan and neither Township acted upon said application as the MPC required. Each Township filed a response to the Motion for Summary Judgment in which they maintained that all interactions between the parties were conducted in furtherance of Appellants' request for the Text Amendment, which was a prerequisite to any application for tentative approval of their residential development plan. On May 30, 2024, the trial court, finding that genuine issues of material fact existed and that Appellants were not entitled to judgment as a matter of law, denied Appellants' Motion for Summary Judgment. Appellants appealed from the trial court's order to this Court. On August 16, 2024, the trial court filed its opinion requesting that this Court quash the appeal because its order denying summary judgment was interlocutory and not appealable.

Initially,

[a]s a general rule, "an appellate court's jurisdiction extends only to review of final orders." *Shearer v. Hafer*, . . . 177 A.3d 850, 855 ([Pa.] 2018); *see also* [Pennsylvania Rule of Appellate Procedure (Rule) 341(a),] Pa.R.A.P. 341(a) ("[A]n appeal may be taken as of right from any final order of a . . . trial court."). A final order is an order that "disposes of all claims and of all parties" or "is entered as a final order" pursuant to a determination of finality by a trial court or other government unit. Pa.R.A.P. 341(b)(1), (3). As [the Pennsylvania Supreme Court has] previously stated, "[t]he final order rule reflects the long-held limitation on review by both federal and state appellate courts[,]" and "[c]onsidering issues only after a final order maintains distinctions between trial and appellate review, respects the traditional role of the trial judge, and promotes formality, completeness, and efficiency." *Shearer*, 177 A.3d at 855.

*MFW Wine Co., LLC v. Pa. Liquor Control Bd.*, 318 A.3d 100, 112 (Pa. 2024) (quoting *J.C.D. v. A.L.R.*, 303 A.3d 425, 429-30 (Pa. 2023)).

Appellants argue that the trial court's order, in effect, denied a declaratory judgment based upon an erroneous legal conclusion. Appellants contend that Rule 311(a)(8) gives parties to a declaratory judgment action an automatic right of interlocutory appeal when the effect of the order is to declare the rights, status, or legal relationship of the parties.

Rule 311(a) provides, in relevant part:

> **General Rule**. An appeal may be taken as of right and without reference to [Rule] 341(c)[, Pa.R.A.P. 341(c) (relating to determination of finality)] from the following types of orders:
>
> . . . .
>
> (8) *Other Cases.* **An order that is made final or appealable by statute** or general rule, even though the order does not dispose of all claims and of all parties.

Pa.R.A.P. 311(a) (text emphasis added). Section 7532 of the Declaratory Judgments Act (DJA) states:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. **The declaration may be either affirmative or negative in form and effect**, **and such declarations shall have the force and effect of a final judgment or decree**.

42 Pa.C.S. § 7532 (emphasis added).

The Pennsylvania Supreme Court has explained:

> Generally speaking, appellate courts have jurisdiction to entertain appeals from final orders entered at the trial court level. *Commonwealth v. Scarborough*, . . . 64 A.3d 602,

4

608 ([Pa.] 2013). Ordinarily, a final order disposes of all claims and of all parties. Pa.R.A.P. 341(b)(1).

However, [Rule] 311(a)(8) states that an "appeal may be taken as of right and without reference to [Rule] 341(c) from . . . [a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Importantly, Section 7532 of the DJA provides that courts of record have the power to declare the rights, status, and other legal relations and that "such declarations shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532.

*Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 399 (Pa. 2018).

The *Pennsylvania Manufacturers'* Court explicated:

[Our Supreme] Court [] expounded upon the appealability of an order declaring the rights of parties in *United States Organizations for Bankruptcy Alternatives, Inc. v. Department of Banking* (*USOBA*), . . . 26 A.3d 474 ([Pa.] 2011). In that decision, the [Pennsylvania Supreme] Court provided a rather straightforward two-part test for appellate courts to apply when considering whether an order declaring the rights of parties is final and appealable: (1) what is the effect of the [trial] court's decision on the scope of the litigation; and (2) what practical effect does the [trial] court's decision have on the ultimate outcome of the case. *USOBA*, 26 A.3d at 479 ("The prevailing considerations in [*Pennsylvania Bankers Ass'n v. Pennsylvania Department of Banking* (*Pennsylvania Bankers*), . . . 948 A.2d 790 ([Pa.] 2008),] were the effect of the [trial] court's decision on the scope of the litigation and the practical effect on the ultimate decision in the case.").

*Pa. Mfrs.'*, 188 A.3d at 399-400. Here, the trial court denied summary judgment because there were issues of material fact in dispute. Thus, the trial court's order had no effect on the scope of the litigation and had no practical effect on the ultimate outcome of the case. Accordingly, the order was interlocutory and not immediately appealable.

5

For all of the above reasons, Appellants' appeal is quashed.


_____
ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elwyn of Pennsylvania and :
Delaware d/b/a Elwyn and :
Rocky Run Development, LLC, :
                       Appellants :
                        :
             v. :
                        :
Edgmont Township and : No. 797 C.D. 2024
Middletown Township :

## O R D E R

AND NOW, this 4th day of June, 2025, Elwyn of Pennsylvania and Delaware d/b/a Elwyn and Rocky Run Development, LLC's appeal is quashed.

_____
ANNE E. COVEY, Judge