IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Meredith Buck, R.N., J.D., in her : 
Official Capacity as Bucks County : 
Coroner, : 
                Appellant : 
                : 
          v. : No. 1200 C.D. 2021
                : 
Diane Ellis-Marseglia, LCSW, : 
Robert J. Harvey, Jr., and Gene : 
DiGirolamo, in their Official : 
Capacities as Bucks County : 
Commissioners : Submitted: July 29, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                             FILED: November 10, 2022

       Meredith Buck, R.N., J.D., in her Official Capacity as Bucks County Coroner (Coroner), appeals from the Court of Common Pleas of Bucks County's (Common Pleas) September 27, 2021 interlocutory order, through which Common Pleas granted in part and denied in part Appellees Diane Ellis-Marseglia, LCSW, Robert J. Harvey, Jr., and Gene DiGirolamo, in their Official Capacities as Bucks County Commissioners' (collectively, Commissioners) Motion for Judgment on the Pleadings. We quash Coroner's appeal in part and, in addition, vacate Common Pleas' order in part and remand to the lower tribunal for further proceedings.

## I. Background

       On October 23, 2020, the Bucks County (County) Finance Department approved the 2021 budget request that had been made by the Coroner's Office.

Second Am. Compl. ¶14. Thereafter, at public hearings held on November 23, 2020, and December 9, 2020, Commissioners issued a preliminary County budget proposal for the then-upcoming year, one which provided the Coroner's Office with nearly the same amount of funds in 2021 that the Office had received through its County budget allocation in 2020. *Id.* ¶¶15-16. Despite this initial budget proposal, however, Commissioners ultimately enacted a final 2021 County budget on December 16, 2020, that cut the allocation for the Coroner's Office by $1,033,300 compared to 2020, a sharp 66.8% decrease from the preceding year. *Id.* ¶18; *see id.*, Ex. D at 2. Coroner did not contemporaneously receive notice of or an explanation for this funding cut. Rather, her contract requisitions for 2021 were denied as being over budget on January 13, 2021, and the County's purchasing department informed her the following day that Commissioners had adopted a 2021 budget that decreased funding for the Coroner's Office by roughly two-thirds compared to 2020. Second Am. Compl. ¶¶25-26. Coroner subsequently spoke with David Boscola, the County's chief financial officer, who told Coroner that Commissioners had instructed him not to speak with her, as well as that the 2021 County budget only funded the Coroner's Office through April 20, 2021, rather than through the end of that year. *Id.* ¶27. On January 15, 2021, Coroner's attorney sent a letter to Commissioners, in which he requested that they reverse this budget cut and instead fund the Coroner's Office at the level that had been approved by the County's Finance Office in October 2020. *Id.* ¶28, Ex. E at 1-2.

Commissioners did not respond to Coroner's request, which prompted Coroner to file suit against them in Common Pleas. *Id.* ¶28. Through this four-count action, as articulated in her Second Amended Complaint, Coroner sought a writ of mandamus directing Commissioners to comply with Section 1981 of the Second

2

Class County Code[1] (Code) by enacting a 2021 County budget that adequately funded the Coroner's Office for the entire year. Coroner next claimed that Commissioners violated the Pennsylvania Sunshine Act[2] (Sunshine Act) by holding private deliberations regarding the 2021 County budget. Coroner further requested

---

[1] Act of July 28, 1953, P.L. 723, *as amended*, 16 P.S. § 4981. Section 1981(a) of the Code reads as follows:

> In counties of the second class the controller or in counties of the second class A the commissioners shall annually prepare a proposed budget for all funds for the next fiscal year no later than November 15 of the current fiscal year. Said budget shall reflect, as nearly as possible, the estimated revenues and expenditures of the county for the year for which the budget is prepared. It shall be unlawful to prepare and advertise notice of a proposed budget when the same is knowingly inaccurate. Where, upon any revision of the budget, it appears that the estimated expenditures in the adopted budget will be increased more than ten per cent in the aggregate over the proposed budget, it shall be presumed that the tentative budget was inaccurate, and such budget may not be legally adopted with any such increases therein unless the same is again advertised once as in the case of the proposed budget and an opportunity afforded to taxpayers to examine the same and protest such increases. Said budget shall be prepared on forms furnished as provided herein. Final action shall not be taken on the proposed budget by the county commissioners until after at least ten days public notice. The proposed budget shall be published or otherwise made available for public inspection, by all persons who may interest themselves, at least twenty days prior to the date set for the adoption of the budget. The county commissioners shall, after making such revisions and changes therein as appear advisable, adopt a budget for the next fiscal year prior to December 31 of the current fiscal year and necessary appropriation measures required to put it into effect.

16 P.S. § 4981(a). Though the Code also allows commissioners of second class counties to make supplemental appropriations and to "authorize the transfer, within the same fund, of any unencumbered balance or any portion thereof from one spending agency to another . . . during the last nine months of the fiscal year[,]" *id.* § 4981(c)-(d), there is nothing in Section 1981 that suggests that commissioners are allowed to make partial year appropriations in an annual budget.

[2] 65 Pa. C.S. §§ 701-716.

3

preliminary and permanent injunctions compelling Commissioners to properly fund the Coroner's Office in 2021 and in the future. Finally, Coroner asked for a declaratory judgment that Commissioners' putatively partial and inadequate 2021 Coroner's Office funding allocation was arbitrary, capricious, harmful to public health and welfare, unlawful, and an instance of willful misconduct. *Id.* ¶¶49-100. Commissioners then filed an Answer with New Matter on July 1, 2021, to which Coroner responded on July 22, 2021. Common Pleas then held an on-record pretrial conference on July 26, 2021.

On August 9, 2021, Commissioners filed their Motion for Judgment on the Pleadings, through which they argued that each of Coroner's claims failed as a matter of law, that they were immune from suit by virtue of high public official immunity, and that Coroner had failed to exhaust the legal remedies allegedly available to her under Section 1981(d) of the Code[3] with regard to her declaratory judgment, injunctive relief, and mandamus claims, by failing to request additional funding from Commissioners prior to filing suit. Mot. for J. on the Pleadings ¶¶10-93. As such, Commissioners asserted that they were entitled to judgment in their favor on all counts. *See id.* ¶¶26, 45, 56, 69, 93. On August 26, 2021, Coroner filed a response to the Motion for Judgment on the Pleadings and a Counter-Motion for Peremptory Judgment. Common Pleas then held oral argument regarding these filings on September 17, 2021. Shortly thereafter, on September 27, 2021, Common Pleas granted Commissioners' Motion for Judgment on the Pleadings in part, as to

---

[3] Section 1981(d) reads as follows: "The county commissioners shall have power to authorize the transfer, within the same fund, of any unencumbered balance or any portion thereof from one spending agency to another, but such action shall be taken only during the last nine months of the fiscal year." 16 P.S. §4981(d).

Coroner's declaratory judgment, injunctive relief, and mandamus claims,[4] but denied it as to Coroner's Sunshine Act claim. Reproduced Record (R.R.) at 305a-06a. Coroner then appealed this order to our Court on October 26, 2021. On November 8, 2021, Common Pleas dismissed Coroner's Counter-Motion for Peremptory Judgment, with the consent of all of the litigants in this matter. *Id.* at 315a.

Common Pleas subsequently issued a suite of three opinions in response to this appeal. In its December 21, 2021 opinion, Common Pleas stated that the appeal was interlocutory because of Coroner's unresolved Sunshine Act claim and should consequently be quashed. *Id.* at 307a-10a. Second, via its supplemental January 7, 2022 opinion, Common Pleas took issue with Coroner's argument, as expressed in her Statement of Errors Complained of on Appeal, that Common Pleas had erroneously dismissed the Counter-Motion for Peremptory Judgment, noting that this dismissal had been voluntarily agreed to by the parties. *Id.* at 316a-17a. Finally, in its February 11, 2022 opinion, Common Pleas explained that it had considered Commissioners' Motion for Judgment on the Pleadings using the standard of review applicable to summary judgment motions because, in Common Pleas' view, the "unique processing of the case" made those two distinct types of motions interchangeable in this instance. *Id.* at 327a-30a. Accordingly, and despite the fact that Commissioners had unambiguously elected to file a motion for judgment on the pleadings, Common Pleas concluded on the record before it that Commissioners

---

[4] In granting judgment for Commissioners regarding these counts, Common Pleas ruled that Commissioners' passage of the 2021 County budget and their financial allocations to the Coroner's Office had complied with Section 1981 of the Code, and based this conclusion in part upon statements made by the parties' attorneys during oral argument regarding the County's budgeting process and how the Coroner's Office had been funded during the 2021 fiscal year. *See* R.R. at 332a-40a.

were entitled to summary judgment in their favor regarding Coroner's declaratory judgment, injunctive relief, and mandamus claims. *Id.* at 331a-43a.

## II. Discussion

Coroner presents four arguments for our consideration, which we summarize as follows. First, Common Pleas' September 27, 2021 order is appealable by right on an interlocutory basis, with regard to the disposition of Coroner's declaratory judgment and injunctive relief claims, pursuant to the Pennsylvania Rules of Appellate Procedure. Coroner's Br. at 15-19. Second, Common Pleas erred by applying the summary judgment standard when considering Commissioners' Motion for Judgment on the Pleadings and, in addition, by treating statements made by Commissioners' attorney at the pretrial conference as evidence. *Id.* at 20-23. Third, Common Pleas erred by granting judgment on the pleadings in Commissioners' favor regarding Coroner's declaratory judgment claim, because Commissioners have a statutorily mandated obligation to enact a budget that funds all of the County's row offices (including the Coroner's Office) for a full year, not a portion thereof. *Id.* at 23-33. Finally, Common Pleas improperly granted judgment on the pleadings regarding Coroner's request for injunctive relief, as Coroner was entitled by law to an injunction that barred Commissioners from making budget appropriations to the Coroner's Office that covered less than an entire fiscal year. *Id.* at 34-35.

With regard to Coroner's first argument, regarding the appealability of the September 27, 2021 order, it is axiomatic that "[t]his court has jurisdiction to hear appeals from final orders, interlocutory appeals as of right and interlocutory appeals by permission." *Contact II, Inc. v. Pa. State Horse Racing Comm'n*, 664 A.2d 181, 183 (Pa. Cmwlth. 1995). A final order is defined in pertinent part by the

6

Pennsylvania Rules of Appellate Procedure as one that "disposes of all claims and of all parties" or one that disposes of fewer than all claims and parties, but which the relevant trial court or governmental body has expressly deemed final due to a determination "that an immediate appeal would facilitate resolution of the entire case." Pa. R.A.P. 341(b)(1), (b)(3). Additionally, interlocutory appeals are expressly permitted by right in a number of situations, including most of those that involve injunctive relief claims. Pa. R.A.P. 311(4).[5] Thus, as Common Pleas' September 27, 2021 order granted judgment in Commissioners' favor regarding Coroner's request for preliminary and permanent injunctions, that order is appealable by right, on an interlocutory basis, to the extent it disposed of that specific claim. *Id.*

The same cannot be said, however, for Common Pleas' disposition of Coroner's declaratory judgment claim. Though Pennsylvania Rule of Appellate Procedure 311 does not explicitly state that interlocutory appeals are authorized by right regarding orders that address declaratory judgment claims, it does allow for such appeals from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa. R.A.P. 311(8). Per Section 7532 of the Declaratory Judgment Act:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

---

[5] There are a handful of exceptions to this rule, but, as they deal with injunctions entered in divorce decrees and after trials, none of them are applicable here. *See* Pa. R.A.P. 311(4)-(4)(ii).

42 Pa. C.S. § 7532. Due to this statutory language, certain interlocutory orders involving declaratory judgment claims are immediately appealable by right. *Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.,* 188 A.3d 396, 399 (Pa. 2018). In determining whether such an order is immediately appealable, however, an appellate court must consider two questions. First, "what is the effect of the lower court's decision on the scope of the litigation[?]" *Id.* Second, "what practical effect does the [lower] court's decision have on the ultimate outcome of the case[?] . . . If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable." *Id.* at 399-400 (citations omitted). Furthermore, and independent of this two-part test, an interlocutory order that disposed of a declaratory judgment claim is not immediately appealable by right unless that order *also* effectively resolved[6] any and all other civil claims put forth by the litigants in the underlying matter. *See Schmitt v. State Farm Mut. Auto. Ins. Co.*, 245 A.3d 678, 681-86 (Pa. Super. 2021);[7] *see also U.S. Orgs. for Bankr. Alternatives, Inc. v. Dep't of Banking*, 26 A.3d 474, 478 (Pa. 2011) ("[A]n order in a declaratory judgment action, which merely dismisses one or some of several alternative theories for relief without ultimately deciding the case, is not appealable under [Pennsylvania] Rule [of Appellate Procedure] 341."). Given that Commissioners' Motion for Judgment on the Pleadings was denied in part, with regard to Coroner's Sunshine Act claim, Common Pleas' September 27, 2021 order did not effectively dispose of the entirety

---

[6] Effectively resolved, in the sense that the challenged order, "in essence, declared that the [party pursuing declaratory relief] did not have any viable theory of recovery[.]" *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 948 A.2d 790, 799 (Pa. 2008).

[7] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

of Coroner's lawsuit.[8] As such, Common Pleas' adjudication of Coroner's declaratory judgment claim is not appealable at this stage in the proceedings.

Thus, the only portion of Common Pleas' September 27, 2021 order that is appealable on an interlocutory basis is that which disposed of Coroner's request for injunctive relief. We consequently turn to Coroner's second argument, regarding whether Common Pleas applied the correct legal standard in ruling that Commissioners were entitled to judgment in their favor as to that claim.

> A motion for judgment on the pleadings should be granted only where the pleadings demonstrate that no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law. *Hammerstein v. Lindsay, M.D.*, . . . 655 A.2d 597, 600 ([Pa. Super.] 1995). In reviewing [a] trial court's decision to grant judgment on pleadings, the scope of review of [an] appellate court is plenary; [the] reviewing court must determine if the action of [the] trial court was based on clear error of law or whether there were facts disclosed by pleadings which should properly go to jury. An appellate court must accept as true all well-pleaded facts of the party against whom the motion is made, while considering against him only those facts which he specifically admits. Neither party can be deemed to have admitted either conclusions of law or unjustified inferences. *Id.* at 600-601.
>
> In conducting its inquiry, [a] court should confine itself to the pleadings themselves and any documents or exhibits properly attached to them. Only when the moving party's case is so clear and free from doubt such that a trial would prove fruitless will an appellate court affirm a [lower court's ruling on a] motion for judgment on the pleadings. *Id.* at 601.

*Newberry Twp. v. Stambaugh*, 848 A.2d 173, 175 n.1 (Pa. Cmwlth. 2004).

---

[8] We note that, should Common Pleas determine that Commissioners handled the 2021 County budget process in a manner that violated the Sunshine Act, it may declare that budget void at its discretion. *See* 65 Pa. C.S. §714.

Here, Common Pleas admits that it reviewed Commissioners' Motion for Judgment on the Pleadings not through this narrow standard, but instead by using the more expansive one applicable to summary judgment motions. *See* R.R. at 327a-43a. In doing so, Common Pleas relied upon not just the law, including Section 1981 of the Code, and the pleadings themselves, but upon statements of alleged fact regarding the County's budgeting process, as well as about how the Coroner's Office had been funded, that parties' attorneys made at the aforementioned July 26, 2021 and September 17, 2021 hearings. *See id.* at 332a-40a. In essence, Common Pleas handled these statements as if they were testimony and then used this "testimony" to support their determinations that Commissioners, through its exercise of budgetary discretion, had complied with Section 1981 and, in addition, had eventually provided full funding for the Coroner's Office through supplemental allocations. *See id.* Common Pleas' choice to treat the Motion for Judgment on the Pleadings as a summary judgment motion, suffice it to say, was legally erroneous.

Common Pleas attempts to justify this mistake by arguing that there was functionally no difference in this instance between these two kinds of motions, because, in the lower court's view, the parties somehow agreed that "a motion for judgment on the pleadings or a motion for summary judgment were interchangeable . . . vehicle[s] to get judgment[.]" *See id.* at 327a-30a. This assertion, however, is belied by the fact that Commissioners *indisputably* filed a motion for judgment on the pleadings, *not* a motion for summary judgment. *See id.* at 1a-42a (Commissioners' Motion for Judgment on the Pleadings and supporting brief). Despite Common Pleas' apparent belief to the contrary, it had no authority to perform judicial alchemy on Commissioners' Motion for Judgment on the Pleadings and, thus, could not alter its elemental nature, even if doing so would have allowed

10

Coroner's lawsuit to be disposed of more expediently. *Cf. Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa. Super. 2014) ("[A c]ourt will not act as counsel and will not develop arguments on behalf of [a party]."); *Fraisar v. Gillis*, 892 A.2d 74, 76 (Pa. Cmwlth. 2006) ("A court must remain neutral and cannot act as the attorney for [a] litigant[.]"). As such, Common Pleas was required to use the correct standard, *i.e.*, the one applicable to motions for judgment on the pleadings, when adjudicating Commissioners' motion filing. Given this, we are constrained to conclude that Common Pleas committed an error of law by, in essence, granting summary judgment in Commissioners' favor regarding Coroner's injunction claim, *because Commissioners did not actually seek that type of relief.*

### III. Conclusion

In light of the foregoing, we quash Coroner's interlocutory appeal in part, to the extent that appeal challenged the portion of Common Pleas' September 27, 2021 order that granted judgment in Commissioners' favor regarding Coroner's declaratory judgment claim. Additionally, we vacate that order in part, regarding Common Pleas' disposition of Coroner's request for injunctive relief, and remand to the lower court with instructions that it use the proper legal standard when ruling upon that portion of Commissioners' Motion for Judgment on the Pleadings.[9]

_____
ELLEN CEISLER, Judge

Judge Covey did not participate in the decision of this case.

---

[9] Given our disposition of this matter, we decline to consider the merits of Coroner's remaining arguments. Furthermore, though we do not have jurisdiction at this point to substantively address the rest of Common Pleas' September 27, 2021 order, in light of the legal reasoning expressed herein, we encourage the lower tribunal to consider revisiting the entirety of that ruling.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Meredith Buck, R.N., J.D., in her : 
Official Capacity as Bucks County : 
Coroner, : 
                    Appellant : 
 : 
          v. : No. 1200 C.D. 2021
 : 
Diane Ellis-Marseglia, LCSW, : 
Robert J. Harvey, Jr., and Gene : 
DiGirolamo, in their Official : 
Capacities as Bucks County : 
Commissioners : 

# O R D E R

AND NOW, this 10th day of November, 2022, it is hereby ORDERED:

1.      Appellant Meredith Buck, R.N., J.D., in her Official Capacity as Bucks County Coroner's (Coroner) appeal regarding the Court of Common Pleas of Bucks County's (Common Pleas) September 27, 2021 order is QUASHED IN PART, to the extent this appeal challenged Common Pleas' granting of judgment in favor of Appellees Diane Ellis-Marseglia, LCSW, Robert J. Harvey, Jr., and Gene DiGirolamo, in their Official Capacities as Bucks County Commissioners, regarding Coroner's declaratory judgment claim;

2.      Common Pleas' September 27, 2021 order is VACATED IN PART, with regard to that order's disposal of Coroner's injunctive relief claim;

3.      This matter is REMANDED to Common Pleas for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
ELLEN CEISLER, Judge