J-S55039-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SUSAN ELAINE YEAGER | : | |
| | : | |
| Appellant | : | No. 744 WDA 2019 |

Appeal from the Order Entered April 12, 2019
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000055-2009

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.*

JUDGMENT ORDER BY COLINS, J.:                   FILED NOVEMBER 18, 2019

Susan Elaine Yeager ("Appellant" or "Yeager"), pro se, appeals from the

order entered April 12, 2019.  We remand with instructions.

The facts underlying this appeal were previously summarized by this

Court as follows:

On December 5, 2008 Shawn Yeager ("Victim") was found dead on his back porch from a gunshot wound.  Police began interviewing family and friends of Victim immediately thereafter. During those interviews, Cory Altman ("Altman"), Victim's brother-in-law, confessed to shooting Victim from the woods.

In his interview with police, Altman stated that Yeager, his sister, had asked him to kill Victim.  Yeager convinced Robert Pessia ("Pessia"), Yeager's former lover and co-worker, to drive Altman to an area near Victim's house so that Altman could go deer-hunting.  Pessia drove Altman to a spot near the Victim's residence.  Pessia waited at that location until he saw Altman

_____

* Retired Senior Judge assigned to the Superior Court.

running out of the woods. Once he was in the car, Altman shouted "go, go, go" at Pessia. Altman told Pessia that he had shot his buck for the season, despite not dragging one out of the woods with him. Pessia also testified that Altman stated he shot the buck "right between the shoulder blades."

Pessia eventually returned the car to Yeager at her place of work, with Altman coming along. . . .

The jury found Yeager guilty of first degree murder and sentenced [her] to life imprisonment without the possibility of parole.

Commonwealth v. Yeager, No. 1766 WDA 2009, unpublished memorandum at 1-2 (Pa. Super. filed August 13, 2010).

On February 5, 2019, Appellant filed her second, pro se petition filed under the Post Conviction Relief Act ("PCRA").[1] On March 8, 2019, the PCRA court entered a notice of intent to dismiss all claims without a hearing within 20 days of the date of the order pursuant to Pa.R.Crim.P. 907, along with an opinion. On March 28, 2019, Appellant filed an "Application for Reconsideration of Order of Court of Common Pleas" and a "Response to Notice of Intention to Dismiss."

The PCRA court entered an order dated April 11, 2019, and docketed on April 12, 2019, which follows in its entirety:

AND NOW, on this 11th day of April, 2019, upon consideration of Petitioner's Application for Reconsideration and Response to Notice of Intent to Dismiss the Court enters the following Order. As discussed in this Court's prior opinion, the "timeliness requirements are mandatory and jurisdictional in nature," therefore "no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." Commonwealth v. Carr, 768

_____

[1] 42 Pa.C.S. §§ 9541–9546.

> A.2d 1164, 1167 (Pa. Super. 2001). Therefore, this Court is unable to disregard such requirements in order to allow Petitioner to continue with her PCRA petition. Furthermore, this Court previously addressed in its earlier opinion that Petitioner failed to properly plead the requirements for the DNA testing Senate Bill or the exceptions to the timeliness requirement for PCRA petitions. Therefore, it is hereby ORDERED and DECREED that Petitioner's Application for Reconsideration is DENIED.

Nowhere in this order does the PCRA court explicitly state that it is granting, denying, dismissing, or otherwise finally disposing of Appellant's PCRA petition, and no subsequent dispositional orders were entered in the certified record. Accordingly, there is no final order, and this Court consequently lacks jurisdiction. See Pa.R.A.P. 341(a) ("an appeal may be taken as of right from any final order of a . . . trial court"); Pa.R.A.P. 341(b) (definition of final order); Pa.R.Crim.P. 910 ("order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal"); Pennsylvania Manufacturers' Association Insurance Co. v. Johnson Matthey, Inc., 188 A.3d 396, 399 (Pa. 2018) ("appellate courts have jurisdiction to entertain appeals from final orders entered at the trial court level").

Ergo, we remand to the PCRA court for entry of a final order disposing of Appellant's PCRA petition within 30 days of the return of the certified record to the Prothonotary and Clerk of Courts of Warren County. Appellant may then file a new notice of appeal from this final order within 30 days of the entry of the final order. See Pa.R.A.P. 903(a).

Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2019