# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roy C. Reider,                                    :
                          Appellant               :
                                                  :
                  v.                              :   No. 1677 C.D. 2018
                                                  :   SUBMITTED:  December 12, 2019
The City of Reading, Pennsylvania,                :
and Daniel Dixon and Pamela Dixon,                :
h&w, and American Federation of State,            :
County and Municipal Employees,                   :
Local 2763                                        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                     **FILED:  January 9, 2020**


        Roy C. Reider (Employee) appeals from the orders of the Court of

Common Pleas of Berks County (trial court) granting the motions for judgment on

the pleadings (motions) filed by the City of Reading (City) and its employees, Daniel

Dixon and Pamela Dixon (collectively, City Defendants) and the American

Federation of State, County and Municipal Employees, Local 2763 (Union).  The

July 16, 2018 order granting the City Defendants' motion dismissed Employee's

Third Amended Complaint with prejudice as to those parties.  The other July 16,

2018 order under appeal granted the Union's motion and dismissed the Third

Amended Complaint's counts against the Union "to the extent they rely upon

conduct that is barred by the statute of limitations."  By order dated January 25,

2019, this Court directed as follows:

> [I]t appearing that the order being appealed may not be a final order pursuant to Pa. R.A.P. 341, the parties shall address in their principal briefs on the merits the appealability of the July 16, 2018 order.

Order, *Reider v. City of Reading*, (Pa. Cmwlth., No. 1611 C.D. 2018, January 28, 2018) (Simpson, J.) We now conclude that there was not a final, appealable order and therefore quash the appeal and relinquish jurisdiction.

The facts of the case are set forth in the trial court's opinion issued under Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(a). Employee filed an initial complaint in February 2017 against the City Defendants and the Union. After several rounds of preliminary objections and amended complaints, Employee filed his Third Amended Complaint in March 2018. Substantively, the Third Amended Complaint consisted of six counts: Count I, Breach of Contract against the City of Reading; Count II, Unfair Representation against the Union; Count III, Breach of Contract against the Union; and Counts IV, V, and VI, Violation of the Whistleblower Law[1] against, respectively, the City of Reading, Daniel Dixon, and Pamela Dixon.

A full recitation of the allegations is unnecessary to the disposition of this case. Briefly stated, Employee alleged that he was hired by the City in September 2007. Thereafter, he suffered various mistreatment at the hands of the City Defendants going back almost to his hiring. Employee alleged generally that this mistreatment was related to his reports of various wrongdoing and waste. Employee alleged that the Union conspired with the City and failed to adequately represent him causing him to be denied benefits due to him under a collective bargaining agreement.

---

[1] Act of Dec. 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421-1428.

At the close of pleadings, all defendants filed their motions and the trial court scheduled argument on said motions for two separate dates. Employee did not file any response to the motions and did not appear at either scheduled argument. As stated above, the trial court granted the City Defendants' motion and dismissed the Third Amended Complaint as to them with prejudice, but only granted the Union's motion in part, to the extent that Counts II and III relied upon conduct that was beyond the statute of limitations.

Employee raises a number of issues on appeal, but they are premature as there is no final order from which to appeal.[2]

Section 762 of the Judicial Code vests this Court with jurisdiction over "final orders of the courts of common pleas" involving, inter alia, local government civil matters. 42 Pa.C.S. § 762(a)(4). Rule 341(a) of the Pennsylvania Rules of

---

[2] Employee does not address this Court's directive to brief the merits of appealability of the trial court's orders. However, Employee does state his belief that the counts against the Union were still pending:

> Before analyzing the time merits of each cause of action, it should be noted that the lower court's order regarding [Employee]'s causes of action against [t]he Union was unusual, unclear, and left unresolved the issue raised by [t]he Union in its [m]otion. While the lower court granted the [m]otion, it did so only dismissing the causes of action "to the extent that they rely upon conduct that is barred by the statute of limitations[]" without identifying what, if any, averments are time-barred by the statue [sic] of limitations or stating whether it believes [Employee] has set forth sufficient averments within the relevant time limits for each claim. However, the lower court did note in its 1925(b) Opinion that "[Employee] may proceed with claims that fall within the respective statute of limitations." [Employee] asserts that this demonstrates that both causes of action against [t]he Union are still pending and [t]he Union's [m]otion was actually denied. However, this appeal is filed in an abundance of caution and with the hopes of gaining clarity from the [C]ourt.

(Employee's Br. at 23.)

3

Appellate Procedure provides generally that an appeal may only be taken as of right from a final order of a government unit or trial court. Pa. R.A.P. 341(a); *Pa. Mfrs' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 399 (Pa. 2018). Under Rule 341(b), a final order is an order that either disposes of an action or is otherwise expressly entered as a final order. Pa. R.A.P. 341(b). A final order is one that disposes of all claims or parties and ends the litigation. *Piltzer v. Indep. Fed. Sav. & Loan Ass'n of Phila.*, 319 A.2d 677, 678 (Pa. 1974).

Neither order entered in the instant case "disposes of all claims and all parties" and thus there is no final order to appeal. The dismissal of the case against the City Defendants does not confer jurisdiction on this Court, because in an action involving multiple defendants, and in the absence of an express determination by the trial court that immediate appeal would facilitate resolution of the entire case, an order granting judgment as to one party is treated as appealable as of right only after the disposition of the claims involving the remaining parties. *See K.H. v. J.R.*, 826 A.2d 863, 869 (Pa. 2003) (in the context of the granting of summary judgment).

Further, the orders in question do not meet the criteria for an appeal pursuant to Rules 311, 312, or 313 of the Pennsylvania Rules of Appellate Procedure. Pa. R.A.P. 311 (relating to interlocutory appeals as of right), 312 (relating to interlocutory appeals by permission), and 313 (relating to collateral orders). No interlocutory appeal may be taken as of right because the orders in question do not fall within any category set forth in Rule of Appellate Procedure 311. *See* Pa. R.A.P. 311. No interlocutory appeal may be taken by permission pursuant to Rule of Appellate Procedure 312, because Employee did not seek permission to appeal, as required by that rule. In addition, the orders appealed from did not contain the required statement that they involve "a controlling question of

4

law as to which there is substantial ground for difference of opinion and that an intermediate appeal from the order may materially advance the ultimate termination of the matter," s*ee* Pa. R.A.P. 1311(b) [requiring that appealed interlocutory order contain statement set forth in 42 Pa.C.S. § 702(b)]. Finally, the orders are not appealable collateral orders under Rule of Appellate Procedure 313, in that they are not orders "separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b).

For the foregoing reasons, we quash Employee's appeal from the trial court's orders and relinquish jurisdiction.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roy C. Reider,                                  :
                    Appellant                   :
                                                :
              v.                                :    No. 1677 C.D. 2018
                                                :
The City of Reading, Pennsylvania,              :
and Daniel Dixon and Pamela Dixon,              :
h&w, and American Federation of State,          :
County and Municipal Employees,                 :
Local 2763                                      :

# **O R D E R**

      AND NOW, this 9th day of January, 2020, the appeal of Roy C. Reider from the orders of the Court of Common Pleas of Berks County is QUASHED and jurisdiction is relinquished.

 

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge