J-A27001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THE PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LOUISE HUNTER, J.C. AND S.C., MINORS BY AND THROUGH THEIR NATURAL GUARDIAN NORMAN CUTRIGHT, TURNING POINTS FOR CHILDREN, AND NORTHERN CHILDREN'S SERVICES, AND K.L.H., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, QAWI ABDUL-RAHMAN | |
| | No. 3368 EDA 2019 |

Appeal from the Order Entered October 18, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No.: No. 180601174

BEFORE:  STABILE, J., NICHOLS, J., and COLINS, J.[*].

MEMORANDUM BY STABILE, J.:                    **FILED:  MARCH 26, 2021**

Appellant, The Philadelphia Contributionship Insurance Company ("PCIC"), appeals from the October 18, 2019 order of the Court of Common Pleas of Philadelphia County ("trial court"), following the trial court's denial of PCIC's summary judgment motion.  Upon review, we remand for further proceedings.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The facts and procedural history of this case are undisputed. Briefly, Appellee Louise Hunter ("Ms. Hunter") was sued on behalf of two minors, whom she fostered in her house, for negligence arising from and relating to their alleged sexual abuse by her fifteen-year-old grandnephew.[1] In the tort action against Ms. Hunter, the plaintiffs alleged in pertinent part that "[a]t all relevant times, minor plaintiffs were under the care, custody, control, and/or supervision of [Ms. Hunter], who was responsible for their safety and well-being." Amended Complaint, 5/15/18, at ¶ 15; Reproduced Record (R.R.) at 7a. Having issued the homeowner's insurance policy (the "Policy") to Ms. Hunter, PCIC agreed to defend her subject to a reservation of its rights.

On June 11, 2018, PCIC filed a separate complaint for declaratory judgment against Ms. Hunter.[2] With the trial court's permission, on May 14, 2019, PCIC amended its complaint to include Ms. Hunter's grandnephew via his guardian *ad litem*, Qawi Abdul-Rahman.[3] In the complaint, PCIC alleged that, under the terms of the Policy, it owed no duty to defend or indemnify Ms. Hunter in connection with any claims asserted against her in the

---

[1] Although the amended tort complaint referred to the perpetrator as Ms. Hunter's grandson, her deposition testimony indicated that he was in fact her grandnephew. N.T. Deposition, 7/26/19, at 22-23, 35.

[2] PCIC included the minor plaintiffs and additional defendants from the tort action in its declaratory judgment action.

[3] The trial court appointed the guardian *ad litem* on December 4, 2018. **See** R.R. at 112a.

underlying tort action. In support, PCIC pointed to the insured versus insured

exclusion ("Household Exclusion") contained in the Policy.

**F. Coverage E – Personal Liability**

. . . .

**6.** "Bodily injury" to you or an "insured" as defined under Definitions **5.a.** or **b.**

This exclusion also applies to any claim made or suit brought against you or an "insured":

**a.** To repay; or

**b.** Share damages with;

another person who may be obligated to pay damages because of "bodily injury" to an "insured".

R.R. 71a-72a. The Policy defines "insured" as "You and residents of your

household who are **(1)** Your relatives or **(2)** Other persons under the age of

21 and in the care of any person named above[.]" R.R. 53a. Thus, PCIC

sought declaratory judgment for, among other things:

(a) that there is no coverage under the [] Policy for damages or losses claimed by [minor plaintiffs] against [Ms. Hunter] in the underlying civil action.

(b) that there is no coverage for any new matter crossclaims that may be asserted against [Ms. Hunter] in the underlying civil action.

(c) there is no coverage for any award of punitive damages against [Ms. Hunter.]

R.R. at 130a (unnecessary capitalizations omitted). Ms. Hunter and her

grandnephew failed to file any responsive pleadings. On July 22, 2019, PCIC

filed a praecipe for entry of default judgment. As a result, judgment was

entered **in favor** of PCIC and **against** Ms. Hunter. On August 21, 2019, PCIC also obtained default judgment against the grandnephew. Despite obtaining judgment against Ms. Hunter,[4] PCIC filed a motion for summary judgment on September 12, 2019,[5] requesting declaratory judgment that it owed no duty under the Policy to defend or indemnify Ms. Hunter in connection with any claims asserted against her by the minor plaintiffs in the underlying tort action. Once again, PCIC relied on the Household Exclusion under the Policy to support its position. The motion was unopposed. On October 18, 2019, the trial court denied the motion. PCIC appealed to this court.[6] Both PCIC and the trial court complied with Pa.R.A.P. 1925.

---

[4] There is no indication in the record that Ms. Hunter, at any time, sought to strike or open the default judgment entered against her in this case. Similarly, Ms. Hunter has not made any argument that the default judgment entered against her was void.

[5] It appears that PCIC was confused as to the effect of the default judgment it obtained against Ms. Hunter. PCIC stated in its motion for summary judgment that because the trial court had entered judgment in its favor, "**the relevant pleadings are closed**, and the matter is ripe for summary judgment." R.R. at 163a (emphasis added). Entry of default judgment does not close the pleadings, but rather terminates the action vis-à-vis the person or entity against whom such judgment is entered. **See generally Morgan Guar. Trust Co. of New York v. Staat**, 631 A.2d 631, 638 (Pa. Super. 1993) ("When a judgment by default becomes final, all general rules in regard to conclusiveness of judgments apply.").

[6] Here, the order at issue negatively declared the rights of PCIC in the nature of a declaratory judgment. Thus, we conclude we have jurisdiction. **See Pennsylvania Manufacturers' Association Ins. Co. v. Johnson Matthey, Inc.**, 188 A.3d 396 (Pa. 2018) (*per curiam*) (holding order declaring the rights of parties is final depending on the effect of the decision on the scope of the litigation and the practical effect of the decision on the outcome of the case); **Nationwide Mutual Ins. Co. v. Wickett**, 763 A.2d 813 (Pa. 2000) (holding

On appeal, PCIC argues only that "the trial court erred by denying PCIC's unopposed motion for summary judgment when the 'four corners' of the third party complaint against PCIC's insured unambiguously disclose that coverage is foreclosed by the 'insured versus insured' exclusion[.]" Appellant's Brief at 5 (unnecessary capitalization omitted).[7]

Before addressing the merits of this appeal, we observe that the trial court did not provide any reasons for denying PCIC's summary judgment motion. In its Rule 1925(a) opinion, the court urges us only to quash as interlocutory this appeal. Based on the reasons provided earlier, we disagree. *See Johnson Matthey*, *supra*; *Wickett*, *supra*; *Arnold*, *supra*. Having determined jurisdiction, we must note that the procedural posture underlying this appeal is rather perplexing. The record in this case, as detailed above, reveals that PCIC moved for summary judgment against Ms. Hunter **after** it

---

order granting declaratory relief and dismissing some but not all defendants is an appealable order); *Nationwide Mutual Ins. Co. v. Arnold*, 214 A.3d 688 (Pa. Super. 2019) (applying *Johnson Matthey* and holding summary judgment order declaring insurer's duty to defend and/or indemnify the insured was appealable despite the fact the order did not dispose of all parties and all claims); *see also Nat'l Cas. Co. v. Kinney*, 90 A.3d 747 (Pa. Super. 2014) (denial of motion for summary judgment effectively disposed of all claims set forth in declaratory judgment complaint); Pa.R.A.P. 341, Note ("A party aggrieved by an interlocutory order granting or denying a declaratory judgment . . . may elect to proceed under Pa.R.A.P. 311(a)(8) or wait until the end of the case and proceed under subparagraph [Pa.R.A.P. 341](b)(1) of this rule."); 42 Pa.C.S.A. § 7532 ("The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree").

[7] Ms. Hunter did not file a brief in this appeal. We also do not have briefs before us from other parties in this case, especially the minor plaintiffs.

already had secured an entry of judgment against her. No indications exist on the face of the record that the default judgment was invalid. To the contrary, the judgment appeared to be valid and fully effective at the time of PCIC's filing of the summary judgment motion. As a result, the summary judgment motion, which prayed for the same relief PCIC already had obtained via the entry of default judgment against Ms. Hunter, appears to be duplicative at best and moot at worst. We cannot know this for sure because we do not have the benefit of the trial court's rationale for denying summary judgment in this case. Thus, we are constrained to remand this matter to the trial court to prepare and file, within 45 days of the date of this Memorandum, a supplemental Rule 1925(a) opinion (1) furnishing its reasons for denying PCIC's summary judgment motion and (2) explaining and discussing the impact (or lack thereof) of PCIC's default judgment on disposition of the summary judgment motion.

Case remanded. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/21

- 6 -