J-A25018-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ENTERPRISE BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARK D. RIDGEWAY, LISA M. | : | |
| RIDGEWAY, DYANN HERMANN, MATT | : | |
| HERMANN, H & R PROPERTY | : | No. 364 WDA 2022 |
| SERVICES, INC., PITTSBURGH | : | |
| HOUSING GROUP L.P., AND EQUINE | : | |
| VISION LLC | : | |
| | : | |
| | : | |
| APPEAL OF: MARK D. RIDGEWAY | : | |

Appeal from the Order Entered March 14, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD-20-010438

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                **FILED:  January 5, 2023**

Appellant Mark D. Ridgeway purports to appeal from the order granting partial summary judgment in favor of Enterprise Bank.  We quash.

The facts of this case are well known to the parties.  ***See*** Trial Ct. Op, 5/23/22, at 2-3, 4-15.  Briefly, Dyann Herrmann and Matthew Herrmann (collectively, the Herrmanns), Mark D. Ridgeway and Lisa M. Ridgeway (collectively, the Ridgeways), H&R Property Services, Inc. (H&R), Pittsburgh Housing Group, L.P. (PHG), and Defendant Equine Vision, LLC (Equine Vision) own interests in parcels of real property. ***Id.*** at 4-14.  On December 29, 2006, Enterprise Bank loaned Equine Vision $1,250,000.00 to fund Equine Vision's

equestrian center. In exchange for the loan, Equine Vision executed a promissory note to Enterprise Bank in the original principal amount of $1,125,000.00, which the Herrmanns also executed as personal guarantors. *Id.* at 5. As collateral for the loan, Enterprise Bank obtained a security interest in eleven parcels of real property (the subject properties), which were owned, in part, by the Herrmanns. *Id.* at 5-9.

The Herrmanns and Equine Vision subsequently defaulted on the loan, and Enterprise filed a complaint against the Ridgeways, PHG, H&R, the Herrmanns, and Equine Vision. *Id.* at 2-7. Enterprise Bank's complaint alleged causes of action against all defendants for fraud and fraudulent inducement, quiet title and request for declaratory judgment, partition, and tortious interference and conversion. Default judgments were entered against the Herrmanns and Equine Vision. *Id.* at 2.

On December 22, 2021, Enterprise Bank filed a motion for partial summary judgment. The trial court granted the motion for partial summary judgment that quieted title of the eleven subject properties that served as collateral for the loan transaction by Enterprise Bank to Equine Vision as well as clarifying ownership interests in the subject properties by concluding that the Herrmanns possessed a 50% ownership interest in these properties that are therefore subject to an existing Enterprise Bank judgment lien. Order, 3/14/22, at 1; *see also* Trial Ct. Op, 5/23/22, at 2, 3. However, the trial court did not rule on any other issues and specifically retained jurisdiction "to further order the filing of corrective deeds or other relief as may become

necessary." *Id.* at 2. Appellant filed an appeal on April 11, 2022. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Whether the trial court erred in finding that, by virtue of certificates of ownership, [the Herrmanns] possessed a fifty percent (50%) ownership interest in the subject properties to this case, thereby assigning [Enterprise Bank] an ownership interest in the [subject] properties?

Appellant's Brief at 4 (formatting altered).

Before we may address the merits of this appeal, we must determine whether the appeal is properly before this Court, as "[t]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (citation omitted)). "Accordingly, this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable." **Id.** (citations omitted). As a general rule, "an appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." **Situs Properties, Inc. v. Jenkins Court Realty Co., LP**, 259 A.3d 993, 996-97 (Pa. Super. 2021).

On June 8, 2022, this Court directed Appellant to show cause why this appeal should not be quashed. Order, 6/8/22. Appellant filed a timely response and asserted that this Court has jurisdiction pursuant to Pa.R.A.P. 311(a)(7), which permits an appeal from an order directing partition, and Appellant further contended that this Court has jurisdiction to address the

merits of the appeal pursuant to Pa.R.A.P. 311(a)(8), which allows an appeal from an order that was made final or appealable by statute or rule. **See** Resp. to Rule, 6/17/22, at 1-2. On July 18, 2022, this Court discharged the rule and informed the parties that the issue of appealability would be determined by the merits panel. Order, 7/18/22. Upon review, we conclude that we are constrained to quash the appeal.

Our Rules of Appellate Procedure provide that an interlocutory appeal may be taken as of right from an order directing partition pursuant to Pa.R.A.P. 311(a)(7). Here, however, the order in question did not direct partition or even address the issue. Accordingly, Rule 311(a)(7) is not applicable.

As noted, Appellant also contends that the order is appealable pursuant to Rule 311(a)(8). Resp. to Rule, 6/17/22, at 2. Rule 311(a)(8) provides that an interlocutory appeal may be taken as of right from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties." Pa.R.A.P. 311(a)(8). Upon review of Appellant's response to this Court's rule to show cause, we first note that Appellant has not identified a statute or rule that permits the order in question to be considered final. **See** Resp. to Rule, 6/17/22, at 1-2. However, because the appealability of an order affects our jurisdiction, we address whether the order is appealable pursuant to Rule 311(a)(8). **See Knopick**, 189 A.3d at 436.

As part of its complaint, Enterprise Bank requested declaratory judgment regarding its right, title, and interest in the subject properties. *See* Complaint, 9/30/20, at 12-14. The Declaratory Judgment Act (the Act) provides, in relevant part, as follows:

> Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

42 Pa.C.S. § 7532. Accordingly, certain interlocutory orders involving declaratory judgment claims may be appealable as of right. *Pa. Mfrs.' Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396, 399 (Pa. 2018); *see also Schmitt v. State Farm Mutual Automobile Ins. Co.*, 245 A.3d 678, 681 (Pa. Super. 2021); Pa.R.A.P. 311(a)(8).

However, appealing an interlocutory order under the Act is not automatic, and courts apply a two-part test for determining whether such an order is final and appealable. *Schmitt*, 245 A.3d at 684-85. The test is as follows:

> (1) what is the effect of the lower court's decision on the scope of the litigation; and (2) what practical effect does the court's decision have on the ultimate outcome of the case. . . . If the order in question merely narrows the scope of the litigation and does not resolve the entirety of the parties' eligibility for declaratory relief, then the order is interlocutory and not immediately appealable.

*Id.* at 685 (quoting *Pa. Mfrs.' Ass'n Ins. Co.*, 188 A.3d at 399-400).

In its opinion, the trial court concluded that the order on appeal was not final because it did not dispose of all claims and all parties. *See* Trial Ct. Op., 5/23/22, at 3. The trial court further explained that the order did not address partition and opined that there is no authority permitting an appeal as of right from an order in an action to quiet title. *Id.* Moreover, the trial court specifically contemplated further proceedings and retained jurisdiction to address the remaining issues including correction of the deeds. Order, 3/14/22, at 2.

On this record, we agree with the trial court's conclusion that its order granting partial summary judgment as to quiet title was proper and is not appealable at this juncture. The trial court determined that partition was not yet ripe for disposition, but there was no genuine issue of material fact solely with respect to certain claims related to title. It entered its order that quieted title of the eleven subject properties that served as collateral in the loan by Enterprise Bank to Equine Vision, and further, clarified ownership interests by concluding that the Herrmanns possess a 50% ownership interest in the subject properties. Order, 3/14/22, at 1; *see also* Trial Ct. Op., 5/23/22, at 2, 3, 4. However, no determinations were made with respect to Enterprise Bank's claims of fraud and fraudulent inducement, partition, tortious interference, and conversion. Accordingly, the trial court's order does not resolve the entirety of Enterprise Bank's claims nor is Appellant left without remedy to pursue its claims in the ongoing court proceedings. *See Schmitt*, 245 A.3d at 684-85. Therefore, the order does not satisfy the criteria for an

appealable order as either a final order under Pa.R.A.P. 341, nor as an interlocutory order appealable as of right pursuant to Rule 311(a)(7) or (8). For these reasons, we are constrained to quash the appeal.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2023