IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Manufacturers'  :
Association Insurance Company,  :
                    Petitioner  :
                                :
                                :
        v.                      :   No. 330 M.D. 2015
                                :   Submitted: August 26, 2022
Johnson Matthey, Inc. and       :
Pennsylvania Department of      :
Environmental Protection,       :
                    Respondents :
                                :
Johnson Matthey, Inc.,          :
Third-Party Petitioner          :
                                :
        v.                      :
                                :
Continental Casualty Company,   :
American Casualty Company       :
of Reading, PA, and             :
Federal Insurance Company,      :
Third-Party Respondents         :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS[1]                              FILED: July 11, 2023

        Johnson Matthey, Inc. (JMI) seeks a declaration of its rights to
insurance coverage under policies issued by Pennsylvania Manufacturers'
Association Insurance Company (PMA). Presently before this Court is an
application for partial summary relief filed by JMI, asserting that it is entitled to

---

[1] This opinion was reassigned to the author on February 21, 2023.

collect interest on defense costs from the time those costs were incurred. After careful review, we deny the application for partial summary relief.

## I. BACKGROUND[2]

This matter has a long procedural history with which the parties are familiar. In May 2006, the Pennsylvania Department of Environmental Protection (DEP) notified JMI that it had been identified as a potentially responsible person (PRP) with respect to environmental contamination at a parcel of land known as the Bishop Tube Site (Site), located in Chester County.[3] JMI notified PMA and, in August 2008, entered into a consent order and agreement with DEP.

JMI agreed to undertake remedial actions at the Site, which included preparation of a site investigation report, work plans, and a feasibility study (FS). The consent order was later amended so that, if DEP was not satisfied with JMI's efforts, it could terminate the agreement, "take over" the remediation, and recover costs from JMI. JMI hired Roux Associates, Inc. (Roux) to complete the site studies; ultimately, JMI avers that invoices generated in connection with this work totaled over $3 million.

In December 2008, DEP initiated an action in federal court against Whittaker Corporation under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA)[4] and the Hazardous Sites

---

[2] Unless otherwise stated, we refer to a prior decision of this Court when writing the recitation of the factual and procedural history of this matter. *Pa. Mfrs. Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 243 A.3d 298, 303-05 (Pa. Cmwlth. 2020) (*PMA II*).

[3] The Site was owned by JMI's predecessors. From April 1, 1969, to April 1, 1979, PMA issued a series of commercial general liability policies to cover the liability of JMI's predecessors for property damage. Coverage limits for policies issued between April 1, 1971, through April 1, 1979, have been exhausted, but coverage for two policies remains available: the policy covering April 1, 1969, to April 1, 1970, and the policy covering April 1, 1970, to April 1, 1971. PMA did not insure JMI or its predecessors after April 1, 1979.

[4] 42 U.S.C. §§ 9601-9675.

Cleanup Act (HSCA)[5] for the cost of remediating its conduct at the Site.[6]  In May 2010, the Department added JMI as a defendant in this action.  In June 2010, PMA agreed to defend JMI subject to a reservation of certain rights.  PMA defended JMI from 2010 until 2015.  In April 2015, PMA notified JMI that it would no longer provide a defense or pay the invoices of JMI's legal counsel, Saul Ewing Arnstein & Lehr LLP (Saul Ewing) after May 31, 2015.

PMA filed a petition for review in this Court pursuant to the Declaratory Judgments Act (DJA),[7] naming as respondents JMI and DEP, and requesting a declaration that it had no obligation to defend or indemnify JMI in connection with the federal action.  JMI filed a counterclaim seeking a declaration that 1) PMA had a duty to pay all defense and indemnity costs related to the Site, subject to the liability limits of the unexhausted policies, and 2) all remedial investigation costs incurred by JMI were properly payable under the policies as defense costs.  Additionally, JMI raised a breach of contract claim.

PMA filed a motion for summary judgment and relief, but this Court denied the motion.  *Pa. Mfrs. Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 160 A.3d 285 (Pa. Cmwlth. 2017).  PMA appealed to the Pennsylvania Supreme Court, which quashed, as this Court had not resolved JMI's counterclaims.  *See Pa. Mfrs. Ass'n Ins. Co. v. Johnson Matthey, Inc.*, 188 A.3d 396 (Pa. 2018).

Back in this Court, PMA moved for partial summary relief, seeking a declaration that its duty to defend was not triggered until JMI was named as a defendant in the federal action, and that remedial investigation and feasibility study

---

[5] Act of October 18, 1988, P.L. 756, *as amended*, 35 P.S. §§ 6020.101-6020.1305.
[6] *See Department of Environmental Protection v. Whittaker Corporation and Johnson Matthey, Inc.*, (E.D. Pa., No. 08-6010).
[7] Declaratory Judgments Act, 42 Pa.C.S. §§ 7531 – 7541.

3

costs incurred by JMI pursuant to the consent order between JMI and DEP were indemnity costs, not defense costs. JMI filed a cross-application for summary relief, claiming that PMA breached its duty to defend under the policies by failing to reimburse JMI for counsel fees incurred after PMA's withdrawal.

In November 2020, this Court held that: (1) the PRP letter issued by DEP to JMI initiated an administrative "suit," thus triggering PMA's duty to defend under the policies; (2) expenses attributable to remedial investigations are presumptively defense costs; (3) expenses attributable to a feasibility study are presumptively indemnity costs; and (4) a genuine issue of material fact existed regarding the legal costs sought in JMI's cross-application.[8] *See PMA II*, 243 A.3d at 321-22.

Specifically, regarding costs, this Court held that while PMA had breached its duty to defend by withdrawing from the defense of the underlying action, the record was unclear whether JMI's claimed damages were all caused by PMA's breach. *See id.* at 321. For example, we noted that the underlying action had been "placed on a suspended docket in March 2009 and was not returned to the active docket until June 2017, and certain invoices submitted by Saul Ewing, according to PMA, were unrelated to the [u]nderlying [a]ction." *See id.* Accordingly, "the record [was] unclear as to whether all of Saul Ewing's invoices were 'costs of the defense' incurred to either avoid or limit liability under CERCLA and HSCA . . . ." *See id.* Further, "it may be that PMA has resumed its duty to defend since September 25, 2018, and, if so, it should be allowed to attempt to

---

[8] On September 13, 2021, nearly a year later, PMA filed an Application for Extraordinary Relief in the Pennsylvania Supreme Court, essentially requesting that the Court take jurisdiction over the instant action. *See* Appl. For Extraordinary Relief, 9/31/21, at 1. The application was denied by *per curiam* order on February 22, 2022. *See Pa. Mfrs. Ass'n Ins. Co. v. Johnson Matthey, Inc. and Pa. Dep't of Env't Prot.* (Pa., No. 111 M.M. 2021, filed February 22, 2022).

4

renegotiate the fee arrangement with Saul Ewing or even obtain substitute counsel, so long as no prejudice falls on [JMI]." *See id.*

In January 2022, JMI filed the instant application for partial summary relief.

## II. ISSUES

JMI seeks a declaration of its rights to insurance coverage regarding PMA's breach of its duty to defend. *See* Appl. for Summary Relief, 1/4/22, at 1. JMI points to this Court's November 2020 decision, which held that PMA had a duty to defend beginning May 24, 2006, and that certain expenses incurred by JMI were defense costs. *See id.* at 5-7. JMI contends that under Pennsylvania law, it is entitled as of right to collect interest on those defense costs, from the time that they were incurred, at Pennsylvania's statutory simple interest rate fixed at 6% per annum. *See id.* at 6-7. Further, JMI contends that PMA may not apply any litigation management guidelines or otherwise make deductions to the $487,152.60 in Saul Ewing costs incurred between May 24, 2006, and May 10, 2010. *See id.*

## III. ANALYSIS

Initially, we note that applications for summary relief addressed to this Court's original jurisdiction are authorized under Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1532(b). *Marcellus Shale Coal. v. Dep't of Env't Prot.*, 216 A.3d 448, 459 (Pa. Cmwlth. 2019). The rule provides that "[a]t any time after the filing of a petition for review in an . . . original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). Such relief is similar to summary judgment under the Pennsylvania Rules of Civil Procedure, in that "the requested relief is only appropriate where there are no disputed issues of material fact and it is clear that the

5

applicant is entitled to the requested relief under the law." *Marcellus Shale Coal.*, 216 A.3d at 459. This Court reviews "the record in the light most favorable to the nonmoving party, resolving all doubts as to the existence of disputed material facts against the moving party." *See id.*

JMI contends that because this Court denied PMA's motion for partial summary relief, and because PMA has not raised issues of disputed fact, it is entitled to partial summary relief. *See* Appl. for Summary Relief, 1/4/22, ¶ 4. Specifically, it contends that the defense costs are not in dispute and that they total $487,152.60 as well as statutory interest. *See id.* ¶ 3. Further, JMI avers that PMA had offered to reimburse JMI for the $487,152.60 so long as JMI forfeited its claim for interest, and that "[JMI] believes that its right is clear, and declined the offer. As a result, [JMI] has received no reimbursement from PMA, to date . . . ." *See id.* ¶ 5. In response, PMA contends that it is without knowledge or information sufficient to form a belief as to the truth of JMI's averments. *See* Answer, ¶ 3.

Although this Court ruled that "PMA's duty to defend was triggered on May 24, 2006, when DEP notified JMI that it had been identified as a PRP with respect to environmental contamination at the Site," this Court did not find that $487,152.60 was the amount JMI incurred and paid to Saul Ewing for work performed between May 24, 2006 and May 10, 2010. *PMA II*, 243 A.3d at 321. Additionally, "[t]he general rule is that an offer to compromise is not admissible in evidence at trial as an admission that what is offered is rightfully due or that liability exists." *Rochester Mach. Corp. v. Mulach Steel Corp.*, 449 A.2d 1366, 1368 (Pa. 1982); *see also Long Run Timber Co., Ltd. P'ship v. Dep't of Conservation & Nat. Res.*, 145 A.3d 1217, 1233 (Pa. Cmwlth. 2016) ("An offer of compromise is not admissible as evidence to show an admission of that party."). Thus, because the

amount incurred and paid to Saul Ewing for work performed between May 24, 2006, and May 10, 2010, is a disputed issue of material fact, "the requested [summary] relief is [not] appropriate[.]" *Marcellus Shale Coal.*, 216 A.3d at 459.

Further, in *PMA II*, this Court held that the costs incurred by JMI for various feasibility studies and remedial investigations must be allocated between defense costs and indemnity costs, but that the record did not show which expenses fit into which category. 243 A.3d at 321. Nothing in JMI's current application shows otherwise. Accordingly, this is still a disputed issue of material fact.

Finally, in *PMA II*, this Court rejected the notion that PMA must pay all Saul Ewing invoices from 2015 through the present, because to hold otherwise would deviate from the well-established rule that "a party that suffers damages as a result of [a] breach of contract is bound to use ordinary care and diligence to lessen damages as far as is practicable." *See id.* at 320-21. We noted that a party cannot recover damages that could have been avoided by reasonable care and effort, and that where an insurer's refusal to settle a claim constitutes a breach of its contractual duty to act in good faith and fiduciary duty to its insured, the insurer is liable for "known and/or foreseeable compensatory damages of its insured that reasonably flow from the insurer's bad faith conduct." *See id.* (citations omitted). The same rationale applies to the costs JMI now seeks. Accordingly, because it is not clear that JMI is entitled to a declaration that PMA may not apply any litigation management guidelines, or otherwise make deductions to the $487,152.60 in the Saul Ewing costs incurred, and paid, for work performed between May 24, 2006, and May 10, 2010, the requested summary relief is not appropriate. *See Marcellus Shale Coal.*, 216 A.3d at 459.

Thus, while we agree that based upon the *PMA II* holding, PMA breached its duty to defend JMI between May 24, 2006, and May 10, 2010, the record is unclear whether JMI's asserted damages, specifically the $487,152.60 incurred and paid to Saul Ewing for work performed between May 24, 2006, and May 10, 2010, were caused by that breach. Additionally, the record is unclear as to whether the Saul Ewing invoices were costs of the defense incurred to either avoid, or limit, liability under CERCLA and HSCA.

## IV. CONCLUSION

For the foregoing reasons, we grant the portion of JMI's Application requesting declaratory relief that PMA was in breach of its duty to defend JMI from May 24, 2006, to May 10, 2010. We deny the Application in all other respects.

_____
LORI A. DUMAS, Judge


Judges Covey and Fizzano Cannon did not participate in the decision in this case.

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Manufacturers' Association Insurance Company, Petitioner | : : : : | |
| v. | : : | No. 330 M.D. 2015 |
| Johnson Matthey, Inc. and Pennsylvania Department of Environmental Protection, Respondents | : : : : : | |
| Johnson Matthey, Inc., Third-Party Petitioner | : : : : : | |
| v. | : : : | |
| Continental Casualty Company, American Casualty Company of Reading, PA, and Federal Insurance Company, Third-Party Respondents | : : : : : | |

# **O R D E R**

AND NOW, this 11th day of July, 2023, the portion of Johnson Matthey Inc.'s (JMI) Application for Partial Summary Relief (Application) that requests this Court to declare that Pennsylvania Manufacturers' Association Insurance Company (PMA) was in breach of its duty to defend JMI from May 24, 2006, to May 10, 2010, is GRANTED. The portion of the Application that demands that PMA pay the $487,152.60 JMI incurred and paid to Saul Ewing Arnstein & Lehr LLP (Saul Ewing) for work performed between May 24, 2006, and May 10, 2010, that PMA pay Johnson Matthey interest on the $487,152.60 calculated at the statutory rate of 6.0% per annum beginning on the date incurred, and that PMA not apply any

litigation management guidelines or otherwise make deductions to the $487,152.60, is DENIED.

_____
LORI A. DUMAS, Judge

10